UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LUMUMBA WOODS,

        Plaintiff,

    v.

SGT. KEVIN PARKS, SUPERINTENDENT
LATONA, SGT. HOFFMAN, K.
VANNOTE, DSS JASON PICKERING,

        Defendants.

Case # 24-CV-6347-FPG
ORDER

---

*Pro se* Plaintiff Lumumba Woods ("Plaintiff") is confined at the Cape Vincent Correctional Facility. He filed a complaint requesting relief under 42 U.S.C. § 1983 and asserting claims that arose when he was incarcerated at Collins Correctional Facility. ECF No. 1. He also applied to proceed *in forma pauperis*. ECF No. 5.

The Court granted Plaintiff's application to proceed *in forma pauperis* and screened his complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). ECF No. 6. In that order, the Court dismissed Plaintiff's claims against Defendants in their official capacities without leave to amend and dismissed his claims against the Defendants in their individual capacities with leave to amend.

Plaintiff timely filed an amended complaint. ECF No. 7. Having screened the amended complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court concludes that Plaintiff's retaliation claim and "class of one" equal protection claim against Sgt. Kevin Parks will proceed to service. To the extent the amended complaint asserts state law claims, these are dismissed pursuant to N.Y. Correct. Law § 24. All other claims are dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

1

## LEGAL STANDARDS

### I.    Screening

Under § 1915(e), the Court must dismiss a complaint in a civil action if it determines at any time that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also* 28 U.S.C. § 1915A(b)(1)-(2) (setting forth identical criteria for dismissal).  "To plead a cognizable claim, [the] complaint must allege enough facts to state a claim to relief that is plausible on its face." *Inkel v. Connecticut*, No. 14-CV-1303, 2015 WL 4067038, at *1 (D. Conn. July 2, 2015) (internal quotation marks omitted).  "In evaluating whether a plaintiff has stated a claim for relief, the Court accepts as true all factual allegations in the complaint and draws all inferences in the light most favorable to the [p]laintiff." *Id.* (internal quotation marks omitted).  The Court may also consider any documents attached to the complaint. *See DiFolco v. MSNBC Cable, LLC*, 622 F.3d 104, 111 (2d Cir. 2010).

### II.    42 U.S.C. § 1983

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)).

## DISCUSSION

Plaintiff's original complaint asserted three retaliation claims. *See* ECF No. 1 at 7.  He alleged the first claim against then-named defendants Kelly, Vannote, and DSS Doe.  Plaintiff alleged his second retaliation claim against then-defendants Fillagaro and Sgt. Doe.  His third

2

retaliation claim invoked the Fourteenth Amendment and did not identify a defendant. The original complaint also asserted an Eighth Amendment claim alleging cruel and unusual punishment against Fillagaro. *Id.* at 8. The Court's initial screening order set forth the elements of each claim, explained how the original complaint had failed to meet the pleading standards, and apprised Plaintiff what was required for his claims to proceed to service. ECF No. 6 at 8-18.

Plaintiff's amended complaint abandons his First Amendment retaliation claims against Kelly, Vannote, DSS Doe, Fillagaro, and Sgt. Doe and his Eighth Amendment conditions of confinement claim against Fillagaro. Plaintiff now asserts a First Amendment retaliation claim, a Fourteenth Amendment "unlawful confinement" claim, and a Fourteenth Amendment equal protection claim against Parks. ECF No. 7 at 7-10. He asserts "a violation of his 14th Amendment rights against DSP K. Vannote and Security Supervisor Sgt. Hoffman for supervisor liability of unlawful confinement for Sgt. Parks wrongful action of unlawful[ly] confin[ing him]" and for "imposing an extended period of confinement [in the Special Housing Unit ("SHU")] longer than what was permissible under the 'HALT Act.'" *Id.* at 10-11. He asserts a Fourteenth Amendment violation against DSS Jason Pickering "for supervisor liability of unlawful confinement," alleging that Pickering "was grossly negligent in supervising his subordinates DSP K. Vannote and Sgt. Hoffman as committee members of the 'SHU Custody Review'" and by "signing off in agreement, concurring with the committee's recommendation" that Plaintiff remain in SHU. *Id.* at 11-12. He alleges a Fourteenth Amendment violation against "Superintendent Latona, for supervisor liability of unlawful confinement by Sgt. Parks" alleging that Latona delegated her duties to Pickering and was "grossly negligent" in her supervision of Pickering "in midst of constitutional violations of plaintiff." *Id.* at 12.

Having reviewed the amended complaint, the Court concludes that Plaintiff's retaliation claim and "class of one" equal protection claim against Parks will proceed to service. *See Fabricio v. Annucci*, 790 F. App'x 308, 311 (2d Cir. 2019) (summary order) (setting forth the elements of a retaliation claim); *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (discussing requirements for a "class of one" equal protection claim).

Under current Second Circuit precedent, Plaintiff's allegations do not plausibly allege a Fourteenth Amendment due process violation against any of the defendants based on his confinement in SHU. Such claim fails for two reasons. First, Plaintiff cannot make out a constitutional claim solely on a theory of supervisory liability. *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). Rather, "a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions[] . . . violated the Constitution." *Id.* Second, Plaintiff's alleged 24 days in pre-hearing SHU confinement do not demonstrate the deprivation of a liberty interest—a requirement to state a procedural due process violation. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *accord Bangs v. Smith*, 84 F.4th 87, 97 (2d Cir. 2023). The facts alleged in the complaint and the amended complaint do not show that either the duration of Plaintiff's time in SHU or the conditions he experienced there "impose[d] an atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *J.S. v. T'Kach*, 714 F.3d 99, 106 (2d Cir. 2013) (quoting *Sandin v. Conner,* 515 U.S. 472, 484 (1995); and citing *Palmer v. Richards,* 364 F.3d 60, 64 (2d Cir. 2004)). Moreover, Plaintiff's factual allegations make clear he is not contending that his SHU confinement violated the U.S. Constitution or federal law, but that it violated the HALT Act, a state law. ECF No. 7 at 7-12, 15.

To the extent Plaintiff asserts state law claims, they must be dismissed under New York

Correction Law § 24, because this Court lacks subject matter jurisdiction to entertain them.

Section 24 "mandate[s] that state law claims for damages for acts or omissions committed by

DOCCS employees within the scope of their employment be brought exclusively in the New York

Court of Claims as claims against New York State." *DeMeo v. Koenigsmann*, No. 11-CV-7099,

2015 WL 1283660, at *18 (S.D.N.Y. Mar. 20, 2015). There is nothing in the amended complaint

to suggest the defendants were acting outside the scope of their employment. Accordingly, to the

extent the complaint asserts state law claims, they are dismissed for lack of subject matter

jurisdiction pursuant to Correction Law § 24.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's retaliation and class of one equal protection

claims will be served upon Sgt. Kevin Parks; and it is further

ORDERED that the Clerk of Court is directed to cause the United States Marshals Service

to serve copies of the summons, amended complaint, and this order upon Parks without Plaintiff's

payment therefore, unpaid fees to be recoverable if this action terminates by monetary award in

Plaintiff's favor; and it is further

ORDERED that, pursuant to 42 U.S.C. § 1997e(g)(2), Parks is directed to answer or

respond to the amended complaint upon service. Parks' answer or response need only address the

retaliation and class of one equal protection claims asserted against him; and it is further

ORDERED that all other claims are dismissed. The Fourteenth Amendment due process

claims are dismissed with prejudice for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)

and 1915A(b). The state law claims are dismissed without prejudice to filing in state court

pursuant to N.Y. Correction Law § 24.  The Clerk of Court shall terminate Superintendent Latona, Sgt. Hoffman, K. Vannote, and DSS Jason Pickering as defendants to this action; and it is further

ORDERED that this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and leave to appeal to the Court of Appeals *in forma pauperis* is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), Plaintiff must notify the Court in writing if his address changes.  Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

Dated:       December 26, 2024
             Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

6