UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────────────

Lumumba Woods,

                              Plaintiff,

                                                                     Case # 24-CV-6347-FPG

v.

                                                                         DECISION AND ORDER

Sgt. Kevin Parks,

                              Defendant.
─────────────────────────────────────

*Pro se* Plaintiff Lumumba Woods brings this civil rights action against Defendant Sgt. Kevin Parks, a correctional officer at Collins Correctional Facility. After screening, only Plaintiff's retaliation and "class of one" equal-protection claims against Defendant remain. *See* ECF No. 8. Presently before the Court is Defendant's pre-answer motion for summary judgment. ECF No. 11. For the reasons that follow, Defendant's motion is DENIED WITHOUT PREJUDICE.

The crux of Plaintiff's claims is that Defendant retaliated against him for filing a grievance. Defendant's retaliatory actions included issuing Plaintiff a misbehavior report, ordering Plaintiff's confinement in the Special Housing Unit, and searching Plaintiff's cell (after which Plaintiff's legal materials went missing). *See* ECF No. 7 at 8-9. Defendant moves for summary judgment, presenting evidence that the actions that Plaintiff accuses Defendant of taking were, in fact, taken at the direction of other correctional officials. *See* ECF No. 11-1 at 1-2. Plaintiff disputes these facts, proffering documents that, in his view, suggest that Defendant authorized the actions in question. *See, e.g.*, ECF No. 18 at 23, 25.

1

The Court concludes that summary judgment is not appropriate at this juncture. "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000). This is because, as a general matter, the nonmoving party is entitled to an "opportunity to discover information that is essential to his opposition to the motion for summary judgment." *Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 511-12 (2d Cir. 1989) (internal quotation marks omitted). In this case, Defendant does not seek summary judgment on the basis of a discrete legal or factual defect in Plaintiff's claims; he challenges Plaintiff's underlying factual theory based on a robust evidentiary proffer. *See generally* ECF No. 11. It would be inappropriate to accept that proffer, however, without giving Plaintiff a "full and fair" opportunity to conduct his own investigation with all the tools that he is entitled to utilize under the Federal Rules of Civil Procedure. *Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir. 1995).

For that reason, Defendant's motion for summary judgment (ECF No. 11) is DENIED, without prejudice to renewal upon the completion of discovery. Defendant shall file his answer within 30 days of the entry of this Decision & Order.

IT IS SO ORDERED.

Dated: May 6, 2025
   Rochester, New York

                _____
                HON. FRANK P. GERACI, JR.
                United States District Judge
                Western District of New York